

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00714-CR

Tommy **HARDEMAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 390th District Court, Travis County, Texas
Trial Court No. D-1-DC-12-201869
The Honorable Julie H. Kocurek, Judge Presiding

Opinion by: Marialyn Barnard, Justice

Sitting: Karen Angelini, Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed: October 2, 2013

MOTION TO WITHDRAW GRANTED; AFFIRMED

Appellant Tommy Hardeman entered an open plea of guilty to the offense of evading arrest and was found guilty based on the plea. However, Hardeman pled not true to the numerous enhancement allegations included in the indictment. At the punishment phase, the State presented evidence of Hardeman's numerous prior convictions, the basis for the enhancement allegations. The trial court found certain enhancement allegations true and sentenced Hardeman to forty-five years confinement in the Texas Department of Criminal Justice–Institutional Division. Hardeman then perfected this appeal.

Hardeman's court-appointed appellate attorney filed a motion to withdraw and a brief in which he raises no arguable points of error and concludes this appeal is without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Counsel provided proof Hardeman was given a copy of the brief and motion to withdraw and was informed of his right to review the record and file his own brief. Hardeman filed a brief on his own behalf in which he alleges: (1) the trial court erred and violated his due process rights "by failing to keep terms of stipulated agreement;" (2) the trial court failed to properly admonish him prior to accepting his plea, and accepted the plea in violation of section 26.13(b) of the Texas Code of Criminal Procedure; (3) the trial court erred in holding a hearing on the State's motion for entry of a nunc pro tunc judgment without allowing appellant to be represented by counsel; and (4) the trial court erred when it sentenced him in excess of the range of punishment "agreed to by his plea of guilty" to evading arrest.

When an *Anders* brief and a subsequent pro se brief are filed, we must review the entire record and determine (1) the appeal is without merit and issue an opinion explaining there is no reversible error, or (2) there are arguable grounds for appeal and issue an opinion remanding the cause to the trial court for appointment of new appellate counsel. *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009) (citing *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (holding court of appeals may address merits of issues raised by pro se only after any arguable grounds have been briefed by new appointed counsel)).

We have carefully reviewed the record, counsel's brief, Hardeman's brief, and the State's responsive brief, and find no reversible error and agree with counsel the appeal is without merit. *See id.* We therefore grant the motion to withdraw filed by Hardeman's appointed counsel and affirm the trial court's judgment. *See id.*; *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San

Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

No substitute counsel will be appointed. Should Hardeman wish to seek further review of this case in the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days after either the day our judgment is rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

Marialyn Barnard, Justice

Do Not Publish